**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

GABRIELA VELA,

    Plaintiff,

    v.

HARRY SAMUELS, d/b/a SAMUELS
ACCOUNTING SERVICE

    Defendant.
_____/

## COMPLAINT

Plaintiff, GABRIELA VELA, (hereinafter "Plaintiff" or "VELA"), by and through her undersigned attorney, hereby files this Complaint against Defendant, HARRY SAMUELS, d/b/a SAMUELS ACCOUNTING SERVICE (hereinafter "Defendant" or "SAMUELS") and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida Statutes § 448.110 (hereinafter "Florida's Minimum Wage Act," or "FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

5. Plaintiff sent a letter of demand to Defendant on April 18, 2019, which put Defendant on notice of Plaintiff's intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.08(6)(a).

## PARTIES

6. Plaintiff is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a bookkeeper. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

7. Defendant is a resident of Broward County, Florida, doing business as SAMUELS ACCOUNTING SERVICE, registered to do business within Florida, with his principal place of business in Fort Lauderdale, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. At all times relevant hereto, Defendant was a covered employer under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that he had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Plaintiff should have been classified as an employee rather than an independent contractor throughout her employment because the manner in which she was to perform her work was dictated by Defendant.

### GENERAL ALLEGATIONS

11. Plaintiff was a non-exempt employee of Defendant and was subject to the payroll practices and procedures set forth hereinafter.

12. Plaintiff worked for Defendant as a bookkeeper from January 7, 2019 until March 22, 2019, with her rate of pay at $28.00 per hour.

13. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

14. During Plaintiff's last week of employment with Defendant, from March 18, 2019 to March 22, 2019, Plaintiff worked for 36.96 hours but received no compensation.

15. Defendant therefore paid Plaintiff nothing for her last week of employment, in violation of minimum wage laws.

16. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

17. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

### COUNT I: VIOLATION OF FLSA / MINIMUM WAGE

18. Plaintiff re-alleges and re-avers paragraphs 1–17 as fully set forth herein.

19. During the course of Plaintiff's employment with Defendant, Plaintiff was to be compensated at $28.00 per hour.

20. For Plaintiff's last week of employment with Defendant, from March 18, 2019 to March 22, 2019, Plaintiff worked for 36.96 hours but received no compensation.

21. Defendant knew that Plaintiff worked 36.96 hours for his benefits but refused to compensate her properly.

22. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

23. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff GABRIELA VELA requests judgment for:

a) Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid.

b) Interest on the amount found due;

c) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FMWA/MINIMUM WAGE

24. Plaintiff re-alleges and re-avers paragraphs 1 – 17 as fully set forth herein.

25. This action is brought under Florida's Minimum Wage Act (FMWA), § 448.110, Florida Statutes.

26. On April 18, 2019, Plaintiff sent a demand letter to Defendant for her unpaid wages, pursuant to Fla. Stat. §448.110(6)(a). On the same day, Defendant refused to remit payment for Plaintiff's unpaid compensation.

27. Defendant violated FMWA by paying Plaintiff less than minimum wage for any hours she worked during her last week of employment from March 18, 2019 to March 22, 2019.

28. Defendant knew Plaintiff worked 36.96 hours for his benefits during Plaintiff's last week of employment but deliberately refused to properly compensate her.

29. As a result of Defendant's willful violation of FMWA, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff GABRIELA VELA requests judgment against Defendant as follows:

a) Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid;

b) Interest on the amount found due;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

**COUNT III – VIOLATION OF FMWA/UNPAID WAGES**

30. Plaintiff re-alleges and re-avers paragraphs 1–17 as fully set forth herein.

31. Plaintiff sent a demand letter on April 18, 2019 to Defendant for her unpaid wages, pursuant to Fla. Stat. §448.110(6)(a). On the same day, Defendant responded to the demand, refusing to remit payment for Plaintiff's unpaid compensation.

32. Plaintiff was not paid for 36.96 hours of her service for her last week of employment from March 18, 2019 to March 22, 2019.

33. Defendant knew that Plaintiff performed 36.96 hours of work for her benefits from March 18, 2019 to March 22, 2019, but refused to compensate Plaintiff properly.

34. Plaintiff reasonably estimates that she is owed $1,035.00 as a base amount.

35. Further, Plaintiff is entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff GABRIELA VELA requests judgment against Defendant as follows:

a) Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b) Interest on the amount found due;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff GABRIELA VELA hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: May 10, 2019.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com